IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DORA PELLETIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. |
| SAINT LOUIS UNIVERSITY and SSM HEALTH CARE GROUP, | ) Removed from the Circuit Court of St. Louis ) City, Case No. 2422-CC11686 |
| Defendants. | ) ) |

**JOINT NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, SSM Health Care Group d/b/a SLUCare Physician Group ("SSM") and Saint Louis University (the "University") (together with SSM, "Defendants") respectfully submit this Notice of Removal for the purpose of removing the above-captioned action from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri based on federal question jurisdiction. In support of the Notice of Removal, Defendants state as follows:

1.　Plaintiff Dora Pelletier ("Plaintiff") commenced the above-captioned action in the Circuit Court of St. Louis City, Missouri on or about December 9, 2024 by filing her Petition ("Complaint") in the cause styled *Dora Pelletier v. Saint Louis University and SSM Health Care Group*, Case No. 2422-CC11686. A true and correct copy of the complete state court file is attached hereto and marked **Exhibit A**.

2.　Defendants are timely filing this removal within thirty (30) days of the December 9, 2024 filing date, which is the first time Defendants received notice of the Complaint. *See* 28 U.S.C. § 1446(b).[1]

---

[1] SSM was subsequently served with the Petition on or about December 20, 2024, and the University was subsequently served on or about January 2, 2025. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a true and legible copy of

3. Promptly after removal, copies of this Notice shall also be filed with the Clerk of the Circuit Court of St. Louis City and provided to Plaintiff pursuant to § 1446(d) and Local Rule 2.03. A copy of the Notice to State Court of the Filing of the Notice of Removal is attached hereto and marked **Exhibit D**. A copy of the Notice to Plaintiff of the Filing of the Notice of Removal is attached hereto and marked **Exhibit E**.

4. The United States District Court for the Eastern District of Missouri is the federal judicial district embracing the Circuit Court of St. Louis City, Missouri, where this suit was originally filed. 28 U.S.C. §§ 105(a)(1), 1441(a).

## FEDERAL QUESTION JURISDICTION

5. Removal is proper pursuant to 28 U.S.C. § 1441, as this Honorable Court has original jurisdiction over Plaintiff's claims alleging violations of federal law. *See* Complaint, Counts II, IV.

6. District courts have original jurisdiction in cases involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. More specifically, in Counts II and IV of her Petition, Plaintiff claims sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Therefore, this action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331.

8. As a civil action founded on a claim or right under the laws of the United States, this action is properly removable pursuant to 28 U.S.C. §§ 1441(a). Specifically, Section 1441(a)

---

"all process, pleadings, documents and orders" served upon SSM is attached hereto and marked **Exhibit B.** A true and legible copy of "all process, pleadings, documents and orders" served upon the University is attached hereto and marked **Exhibit C.** This removal is timely filed**.** *See* 28 U.S.C. § 1446(b).

specifies that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending."

9. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. District courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

10. Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164–65 (1997) citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966). "A plaintiff's claims derive from a common nucleus of operative fact if the claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *Schmucker v. Precision Irrigation, Inc.,* No. 4:15-CV-00567-JCH, 2015 WL 6438351, at *2 (E.D. Mo. Oct. 22, 2015) quoting *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 350 (8th Cir. 2007).

11. Plaintiff pleads sex discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA") in Counts I and III of her Petition.

12. Plaintiff's MHRA and Title VII claims rely upon a "common nucleus of operative fact." Specifically, Plaintiff's MHRA claims concern the same factual underpinnings as the asserted violations of Title VII: Plaintiff alleges that she was employed by Defendants, that Defendants allegedly discriminated against Plaintiff because of her sex, and that Defendants purportedly retaliated against Plaintiff by terminating her employment because of her complaints

4938-6951-7575, v. 3

of sex discrimination. In fact, Plaintiff incorporates the factual allegations contained in her Petition (titled "Facts Common to All Claims") in both her MHRA and Title VII Claims.[2]

## CONCLUSION

WHEREFORE, Defendants hereby remove the above-styled action pending against them in the Circuit Court of St. Louis City, Missouri to this Honorable Court.

Dated: January 8, 2025

Respectfully submitted,

UB GREENSFELDER LLP

By: /s/ Katie L. Fechte
Amy L. Blaisdell, #51068
Katie L. Fechte, #67927
10 S. Broadway, Suite 2000
St. Louis, MO 63102
T: (314) 241-9090
F: (314) 241-8624
ablaisdell@ubglaw.com
kfechte@ubglaw.com

***Attorneys for Defendant SSM Health Care Group***

LEWIS RICE LLC

By: /s/ Jerina D. Phillips
Neal F. Perryman, #43057MO
Jerina D. Phillips #65103MO
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
(314) 444-7661
(314) 612-7661 (facsimile)
nperryman@lewisrice.com
jphillips@lewisrice.com

***Attorneys for Saint Louis University***

---

[2] The United States District Court for the Eastern District of Missouri regularly finds that where a plaintiff asserts discrimination and retaliation claims under the MHRA in conjunction with claims for violations of Title VII, the court can exercise supplemental jurisdiction over the MHRA claims. *See Forest v. Barnes Jewish Hosp.*, No. 4:07CV1540-DJS, 2007 WL 2873567, at *1 (E.D. Mo. Sept. 26, 2007) and *Godfrey v. Clayco Inc.*, No. 4:20-CV-912 RLW, 2021 WL 2915068, at *1 (E.D. Mo. July 12, 2021).

4938-6951-7575, v. 3