

# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2422-CC11686 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DORA PELLETIER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSICA MARIE SCALES<br>2711 CLIFTON AVE<br>ST. LOUIS, MO 63139 | (Date File Stamp for Return) |
| Defendant/Respondent:<br>SAINT LOUIS UNIVERSITY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

| The State of Missouri to: SAINT LOUIS UNIVERSITY<br>Alias: | |
|---|---|
| OFFICER OR OFFICE MANAGER<br>221 NORTH GRAND<br>SAINT LOUIS, MO 63101 | SHERIFF'S FEE PAID |

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

December 10, 2024
_____
Date

_____
Clerk

**Further Information:**

EXHIBIT

C

Case Number: 2422-CC11686

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____,

a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____

Date                          Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

2422-CC11686

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DORA PELLETIER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SAINT LOUIS UNIVERSITY | ) | |
| Serve on: | ) | |
| Officer or Office Manager | ) | |
| 221 North Grand | ) | |
| St. Louis, MO 63101          and | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| SSM HEALTH CARE GROUP | ) | |
| d/b/a SLU*Care* Physician Group | ) | |
| Defendants. | ) | |
| | ) | |
| Serve on: | ) | |
| CT Corporation Sytem | ) | |
| 5661 Telegraph Rd Ste 4B | ) | |
| St. Louis, MO 63129-4275 | ) | |

**PETITION FOR WRONGFUL TERMINATION IN VIOLATION OF**
**THE MISSOURI HUMAN RIGHTS ACT**
**AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

Plaintiff Dora Pelletier, to redress the injuries Defendants caused after terminating her because of her sex and in retaliation for opposing discrimination, brings this claim under the Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986, ("MHRA") and the Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2000e-17 (as amended). In support thereof, Plaintiff states:

**THE PARTIES**

1.      Plaintiff Dr. Dora Pelletier is a woman.

2.      Defendant Saint Louis University is a Missouri benevolent corporation in good standing with business operations in St. Louis City, Missouri.

1

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

3.      Defendant SSM Health Care Group d/b/a SLU*Care* Physician Group is a Missouri non-for-profit corporation in good standing with business operations in St. Louis City, Missouri.

**FACTS COMMONS TO ALL CLAIMS**

4.      SLU*Care* Physician Group and Saint Louis University employed Dr. Pelletier from September 2022 until her termination in June 2023.

5.      She worked for SLU*Care* Physician Group and SLU as physician and assistant professor.

6.      On July 11, 2022, Saint Louis University School of Medicine Dean Christine K. Jacobs, M.D. and SLU*Care* Physician Group President Robert Pendelton, M.D. jointly sent a letter to Dr. Pelletier, saying "we look forward to welcoming you to the Group on your Start Date" and providing details about her employment, including her faculty appointment at the medical school.

7.      Specifically, Dr. Pelletier was in the Department of Orthopedic Surgery with a specialty in Spinal Deformity and Reconstructive Spine Surgery.

8.      SLU*Care* Physician Group and Saint Louis University did not employ Dr. Pelletier as a religious minister or a spiritual leader.  Her job functions did not include proselytizing or teaching the tenants of the Roman Catholic faith.  Instead, she provided medical care for her patients that had spinal conditions and instruction to Saint Louis University School of Medicine students and residents.

9.      Dr. Howard Place was the Richard J. Kemme M.D. Endowed Professor of Orthopaedic Surgery and chair of the Department of Orthopedic Surgery for Saint Louis University's School of Medicine.

2

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

10.     In addition, Dr. Place was the Chair of the Department of Orthopedic Surgery for SLU*Care.*

11.     Dr. Place supervised Dr. Pelletier in her role as a physician and assistant professor.

12.     Dr. Pelletier met her employers' legitimate expectations throughout her employment.

13.     Dr. Pelletier was one of the few orthopedic surgeons of Defendants who did not have formal complaints and had a low complication rate, generally but also in comparison to her male peers.

14.     Initially, for the first four months of her employment, Dr. Pelletier and Dr. Place had a strong relationship.

15.     During this time, Dr. Place referred her patients, including another physician and an OR nurse's close family member. Dr. Place said Dr. Pelletier was his "first choice."

16.     Dr. Place also introduced Dr. Pelletier as the surgeon who was taking over his adult practice.

17.     Many different times during this initial time period Dr. Place told Dr. Pelletier that he was "so excited," "pleased," and "lucky" to have her in the Department. He called her a "bright spot" in the Department. At Thanksgiving and Christmas time, Dr. Place invited Dr. Pelletier to his home and gave her a Christmas card with this handwritten note: "Happy Holidays! Welcome! I am so glad that you are here!"

18.     Dr. Place told Dr. Pelletier that he liked supervising her because she "didn't need much," making it easy to "take care" of her.

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

19.    Dr. Place assigned a nurse to her in December 2022 over other surgeons who were waiting to be assigned a nurse longer, justifying the assignment to Dr. Pelletier by saying that Dr. Pelletier was kinder and less demanding.

20.    Further, others routinely referred Dr. Pelletier patients.  CSM Clinic Manager referred her a close family member and a St Mary's Orthopedic Nurse Manager referred herself after witnessing how Dr Pelletier cared for and interacted with patients.

21.    On February 1, 2023, Dr. Pelletier had clinic at St. Mary's Hospital.  Clinical Nurse Manager Ashley Carolan approached her, saying to Dr. Pelletier that she was "struggling" and that she (A.C.) would send over Dr. Place's resident from his Cardinal Glennon clinic to assist Dr. Pelletier.  Dr. Pelletier refused the Clinical Nurse Manager's offer.

22.    On February 1, 2023, Dr. Pelletier's clinic was running smoothly, despite not having a resident that day.

23.    Later on, February 1, 2023, Dr. Pelletier commented during her clinic: "I don't know what is going on around here.  I don't know if this is because I'm a woman. I don't know what this is.  I don't think she [Clinical Nurse Manager Ashley Carolan] would've talked to a man that way."

24.    Two days later, on February 3, 2023, Dr. Place called Dr. Pelletier to a meeting, telling her that he was "really bothered" that she had [reportedly] said "I am a woman; my male counterparts are allowed to do whatever they want with their clinics." Near the end of the conversation, Dr. Place said it "worried" him that Dr. Pelletier had inserted "male/ female issues" into the workplace.

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

25.     On March 14, 2023, just over a month after her complaints of discrimination, Dr. Place terminated Dr. Pelletier's appointment to the SLU School of Medicine faculty, which also triggered the end of her employment with SLU*Care* Physician Group.

26.     After her complaint of discrimination, Defendants treated Dr. Pelletier differently and less well. For example, Dr. Place now voiced new, unfounded issues with Dr. Pelletier's communication style, claiming that she is unapproachable and required coaching. He required that Dr. Pelletier speak with a Saint Louis University employee as part of her employment.

27.     Dr. Place reprimanded her for moving from an area where loud, non-work conversations were taking place that were breaking Dr. Pelletier's concentration while charting.

28.     Dr. Place waited to approve her PTO request, approving it only a few days before it was set to start. She was unable to appropriately plan for travel to visit her family as a result.

29.     Dr. Place further complained that Dr. Pelletier's whereabouts were unknown on her non-clinic days, insisting that she, unlike her male partners who had not complained, work from the office on those days.

30.     Dr. Place ordered that Dr. Pelletier take on surgeries for non-urgent matters on her non-call days and complained when Dr. Pelletier didn't answer text messages fast enough on her non-call Sundays.

31.     Dr. Place also mandated that Dr. Pelletier attend journal club meetings that her male peers did not always attend.

32.     Dr. Pelletier's support staff unnecessarily were told that Dr. Place was "on high alert with Dr. Pelletier."

33.     Further, Dr. Place sent a negative, unfounded communication about Dr. Pelletier to a hospital where she had gained employment.

34.     Finally, Dr. Place also treated Dr. Pelletier differently when it came to nursing care resources after her complaint of discrimination.  Specifically, Dr. Place withdrew Dr. Pelletier's nursing support.  On several occasions, Dr. Place's direct report transferred Dr. Pelletier nurse to a different clinic, leaving her without one.

35.     Around this time in 2023, Dr Place announced that he routinely uses the doctors' nurses against them as a form of punishment.

36.     In May 2023, Dr. Place and Nurse Manager Jennifer Brechbuhler removed Dr. Pelletier's nurse support all together, "strictly prohibiting" that any nurse provide nursing care to her patients.  This included removing all nurses from monitoring patient inquiries without telling Dr. Pelletier or having someone monitoring her former nurse's voicemail.  One of her patients had to call at least four different times to receive care after experiencing progressive pain and disability.

37.     Dr. Pelletier's last day of employment was June 30, 2023.

38.     SLU and SLU*Care* Physician Group fired Dr. Pelletier for a pretextual reason.

39.     Dr. Pelletier asserts that SLU and SLU*Care* Physician Group terminated her because of her sex and complaints about discrimination.

## COUNT I

### SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF
### THE MISSOURI HUMAN RIGHTS ACT AGAINST SAINT LOUIS UNIVERSITY

40.     Plaintiff incorporates the above paragraphs 1 – 39.

41.     The unlawful employment practices complained of herein were committed within St. Louis City, Missouri.  Jurisdiction and venue in this Court are, therefore, proper pursuant to Section 231.111, R.S. Mo. 1999.

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

42. At all relevant times, Defendant Saint Louis University employed more than six persons and is an employer within the meaning of the MHRA.

43. On September 5, 2023, Dr. Pelletier filed Charge of Discrimination No. FE-09/23-36697, 560-2023-03350 with the Equal Employment Opportunity Commission ("EEOC") within 180 days of her termination announcement.

44. On December 6, 2023, MCHR issued a "Notice of Termination of Proceedings" regarding her Saint Louis University Charge which administratively closed Dr. Pelletier's case without issuing to her a Right to Sue.

45. On January 3, 2023, Dr. Pelletier filed a Petition for Writ of Mandamus in Saint Louis City Circuit Court against the MCHR, requesting the Court direct MCHR to issue to her a Right to Sue among other relief. Her Petition for Writ has been transferred to Cole County Circuit Court is still pending against the MCHR and Defendants.

46. Dr. Pelletier believes the Missouri Courts will direct the MCHR to issue to her a Right to Sue as part of the relief granted in the Cole County action.

47. Dr. Pelletier has filed this lawsuit within two years of her termination announcement.

48. Defendants, by their actions and failures to act, including but not limited to those described above, discriminated against Dr. Pelletier because of her sex and opposition to sex discrimination in violation of the Missouri Human Rights Act.

49. Dr. Pelletier's sex and opposition to discrimination was a motivating factor in Defendant Saint Louis University's decision to terminate her employment and other actions that have harmed her.

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

50.    As a result of Defendant Saint Louis University's actions and failures to act as described herein, Dr. Pelletier has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

51.    In addition, Dr. Pelletier has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs and expenses of suit.

52.    Defendant Saint Louis University intentionally acted without just cause or acted with a deliberate and flagrant disregard for the safety of others.  Its actions have harmed Dr. Pelletier.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in her favor and against Defendant Saint Louis University, in amounts to be determined at trial, for her back pay and lost benefits, front pay, interest on back pay, compensation for emotional distress, punitive damages, attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT II

### SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST SAINT LOUIS UNIVERSITY

53.    Plaintiff incorporates the above paragraphs 1 – 39.

54.    The unlawful employment practices complained of herein were committed within St. Louis City, Missouri.  Jurisdiction and venue in this Court are, therefore, proper pursuant to 42 U.S.C. §2000e-5(f)(3).

55.    At all relevant times, Defendant Saint Louis University employed more than fifteen persons and is an employer within the meaning of the Title VII.

56.    On September 5, 2023, Dr. Pelletier filed Charge of Discrimination No. FE-09/23-36697, 560-2023-03350 with the Equal Employment Opportunity Commission ("EEOC") within 300 days of her termination announcement.

8

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

57.    On September 13, 2024, the EEOC issued to Dr. Pelletier a Notice of Right to Sue on Charge 560-2023-03350 against Saint Louis University.

58.    Defendants, by their actions and failures to act, including but not limited to those described above, discriminated against Dr. Pelletier because of her sex and opposition to sex discrimination in violation of the Title VII.

59.    As a result of Defendant Saint Louis University's actions and failures to act as described herein, Dr. Pelletier has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

60.    In addition, Dr. Pelletier has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs and expenses of suit.

61.    Defendant Saint Louis University's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter him and others from like conduct.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in her favor and against Defendant Saint Louis University, in amounts to be determined at trial, for her back pay and lost benefits, front pay, interest on back pay, compensation for emotional distress, punitive damages, attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT III

### SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF
### THE MISSOURI HUMAN RIGHTS ACT AGAINST SLU*CARE* PHYSICIAN GROUP

62.    Plaintiff incorporates the above paragraphs 1 – 39.

63.     The unlawful employment practices complained of herein were committed within St. Louis City, Missouri.  Jurisdiction and venue in this Court are, therefore, proper pursuant to Section 231.111, R.S. Mo. 1999.

64.     At all relevant times, Defendant SLU*Care* Physician Group employed more than six persons and is an employer within the meaning of the MHRA.

65.     On September 5, 2023, Dr. Pelletier filed Charge of Discrimination No. FE-09/23-36699, 560-2023-033654 against Defendant SLU*Care* with the Equal Employment Opportunity Commission ("EEOC") within 180 days of her termination announcement.

66.     On December 20, 2023, MCHR issued a "Notice of Termination of Proceedings" regarding her SLU*Care* Charge, which administratively closed Dr. Pelletier's case without issuing to her a Right to Sue.

67.     On January 3, 2023, Dr. Pelletier filed a Petition for Writ of Mandamus in Saint Louis City Circuit Court against the MCHR, requesting the Court direct MCHR to issue to her a Right to Sue among other relief.  Her Petition for Writ has been transferred to Cole County Circuit Court is still pending against the MCHR and Defendants.

68.     Dr. Pelletier believes the Missouri Courts will direct the MCHR to issue to her a Right to Sue as part of the relief granted in the Cole County action.

69.     Dr. Pelletier has filed this lawsuit within two years of her termination announcement.

70.     Defendants, by their actions and failures to act, including but not limited to those described above, discriminated against Dr. Pelletier because of her sex and opposition to sex discrimination in violation of the Missouri Human Rights Act.

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

71.    Dr. Pelletier's sex and opposition to discrimination was a motivating factor in Defendant SLU*Care*'s decision to terminate her employment and other actions that have harmed her.

72.    As a result of Defendant SLU*Care*'s actions and failures to act as described herein, Dr. Pelletier has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

73.    In addition, Dr. Pelletier has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs and expenses of suit.

74.    Defendant SLU*Care* intentionally acted without just cause or acted with a deliberate and flagrant disregard for the safety of others.  Its actions have harmed Dr. Pelletier.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in her favor and against Defendant SLU*Care*, in amounts to be determined at trial, for her back pay and lost benefits, front pay, interest on back pay, compensation for emotional distress, punitive damages, attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT IV

### SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST SLU*Care* PHYSICIANS GROUP

75.    Plaintiff incorporates the above paragraphs 1 – 39.

76.    The unlawful employment practices complained of herein were committed within St. Louis City, Missouri.  Jurisdiction and venue in this Court are, therefore, proper pursuant to 42 U.S.C. §2000e-5(f)(3).

77.    At all relevant times, Defendant SLU*Care* employed more than fifteen persons and is an employer within the meaning of the Title VII.

11

78.     On September 5, 2023, Dr. Pelletier filed Charge of Discrimination No. FE-09/23-36699, 560-2023-033654 with the Equal Employment Opportunity Commission ("EEOC") within 300 days of her termination announcement.

79.     On September 13, 2024, the EEOC issued to Dr. Pelletier a Notice of Right to Sue on Charge 560-2023-033654 against SLU*Care*.

80.     Defendant SLU*Care*, by their actions and failures to act, including but not limited to those described above, discriminated against Dr. Pelletier because of her sex and opposition to sex discrimination in violation of the Title VII.

81.     As a result of Defendant SLU*Care*'s actions and failures to act as described herein, Dr. Pelletier has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

82.     In addition, Dr. Pelletier has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs and expenses of suit.

83.     Defendant SLU*Care*'s conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter him and others from like conduct.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in her favor and against Defendant SLU*Care*, in amounts to be determined at trial, for her back pay and lost benefits, front pay, interest on back pay, compensation for emotional distress, punitive damages, attorneys' fees and costs of suit, and for such other relief as justice requires.

Respectfully Submitted,

SEDEY HARPER WESTHOFF, P.C.
Attorney for Plaintiff

12

Electronically Filed - CITY OF ST. LOUIS - December 09, 2024 - 04:32 PM

_/s/ Jessica M. Scales_

Jessica M. Scales, #64136
2711 Clifton Avenue
St. Louis, MO 63139
314/773-3566
314/773-3615 (fax)
jscales@sedeyharper.com

13