IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

DORA PELLETIER,

Plaintiff,

vs.

SAINT LOUIS UNIVERSITY and SSM HEALTH CARE GROUP,

Defendants.

Case No. 4:25-cv-00025-HEA

**SSM HEALTH CARE GROUP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT III**

In her Petition ("Complaint"), Plaintiff asserts claims against SSM Health Care Group ("SSMHCG") for purported violations of the Missouri Human Rights Act ("MHRA") (Count III) and Title VII of the Civil Rights Act (Count IV). Specifically, Plaintiff alleges that her employment was terminated because of her sex and in retaliation for complaining of discrimination. Plaintiff's MHRA claims against SSMHCG, asserted in Count III of the Complaint, fail as a matter of law and should be dismissed because Plaintiff has not obtained a right to sue letter from the Missouri Commission on Human Rights ("MCHR"), a condition precedent to bringing claims under the MHRA. Indeed, Plaintiff admits the same. (*See* Complaint, ¶ 44) (alleging that the MCHR "administratively closed Dr. Pelletier's case without issuing her a Right to Sue.").

For these reasons, and those set forth below, Count III of Plaintiff's Complaint should be dismissed.

## ARGUMENT

### A. Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must take all well-pleaded material allegations of the pleadings as true. *Etrailer Corp. v. Onyx Enters., Int'l Corp.*, 2017 WL 3021496, at *3 (E.D. Mo. July 17, 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Duffy v. Anheuser-Busch Companies, LLC*, 449 F. Supp. 3d 882, 887 (E.D. Mo. 2020). The purpose of a motion under FED. R. CIV. P. 12(b)(6) is "to eliminate actions which are fatally flawed," thereby "sparing litigants the burdens of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### B. Plaintiff's MHRA Claims Against SSMHCG (Count III) Should be Dismissed Because Plaintiff Has Not Obtained a Right to Sue Letter From the MCHR.

Plaintiff's failure to obtain a right to sue letter from the MCHR is fatal to the claims she attempts to assert under the MHRA. To initiate a claim under the MHRA, a party must timely file an administrative complaint with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). "***Only after a Plaintiff receives a right-to-sue letter from the MCHR may [she] file an MHRA claim***." *Thomas v. Flynn Midwest LP*, 2022 WL 1296068, at *2 (W.D. Mo. Apr. 29, 2022) (emphasis added); *see also Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130 (Mo. Ct. App. 2003); *Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir. 1998) ("[A] right-to-sue letter [i]s a condition precedent, although not a jurisdictional prerequisite, to bringing an action under the MHRA."); *Lehman v. United Parcel Serv., Inc.,* 443 F.Supp.2d 1146, 1152 (W.D. Mo. 2006) ("Obtaining a Right to Sue letter is a condition precedent to filing suit under the MHRA.");

*Bonvicino v. Sec. Servs. of Am., L.L.C.*, 2007 WL 1138843, at *4 (E.D. Mo. Apr. 17, 2007) (same); *McDonald v. Chamber of Com. of Indep.*, 581 S.W.3d 110, 116–18 (Mo. Ct. App. 2019); *El-Scari v. Comprehensive Mental Health Servs.*, 2019 WL 5386489, at *4 (W.D. Mo. Oct. 21, 2019).

In her Complaint, Plaintiff affirmatively pleads that she has not received a right to sue letter from the MCHR. (*See* Complaint, ¶ 44). Plaintiff further alleges that she has filed a mandamus action in Cole County Circuit Court requesting that court to direct the MCHR to issue her a right to sue, and that the mandamus action is still pending. (*See* Complaint, ¶¶ 45-47). Federal district courts in Missouri have dismissed MHRA claims under similar circumstances — specifically, where a plaintiff has not obtained a right to sue under the MHRA because the MCHR administratively closed their case without issuing a right to sue letter. *See, e.g.*, *Bonvicino*, 2007 WL 1138843, at *3–4; *see also Lehman*, 443 F. Supp. 2d at 1152 ("Lehman never obtained a Right to Sue letter because the Missouri Commission of Human Rights (MCHR) administratively closed his MHRA claim . . . . Because Lehman chose to come to federal court instead, he has never received a Right to Sue letter from the MCHR, as he has from the EEOC. Thus, Lehman has not satisfied all of the conditions precedent to filing suit under the MHRA, and this Court must dismiss, without prejudice, Count III of his Complaint."); *Allen v. Fam. Counseling Ctr.*, 2010 WL 254925, at *2 (E.D. Mo. Jan. 19, 2010) (same); *Ritter v. Delta Sch. Dist.*, 2018 WL 5312043, at *3 (E.D. Mo. Oct. 26, 2018) (same).

Because Plaintiff has not obtained a right to sue letter from the MCHR, Count III of her Complaint should be dismissed.

**CONCLUSION**

In sum, based on the foregoing, Plaintiff's MHRA claims (Count III) against SSMHCG must fail as a matter of law because she has not satisfied the legal requirements and conditions precedent to filing suit under the MHRA. She has not obtained a right to sue letter from the MCHR. Accordingly, Count III of Plaintiff's Complaint should be dismissed.

Dated: January 29, 2025

Respectfully submitted,

UB GREENSFELDER LLP

By: /s/ Amy L. Blaisdell

Amy L. Blaisdell, #51068
Katie L. Fechte, #67927
10 S. Broadway, Suite 2000
St. Louis, MO 63102
T: (314) 241-9090
F: (314) 241-8624
ablaisdell@ubglaw.com
kfechte@ubglaw.com

***Attorneys for SSM Health Care Group***

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of January, 2025, a true and correct copy of the foregoing was electronically filed using the CM/ECF filing system which provided notice to the following counsel of record:

Jessica M. Scales
John D. Lynn
SEDEY HARPER WESTHOFF, P.C.
2711 Clifton Ave.
St. Louis, MO 63139
jscales@sedeyharper.com
jlynn@sedeyharper.com
***Attorneys for Plaintiff***

Neal F. Perryman
Jerina D. Phillips
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
nperryman@lewisrice.com
jphillips@lewisrice.com
***Attorneys for Defendant Saint Louis University***

/s/ Amy L. Blaisdell