**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

DORA PELLETIER,             )
                         )
        Plaintiff,         )
                         )
v.                      )    Case No.  4:25-cv-00025
                         )
SAINT LOUIS UNIVERISTY and   )
SSM HEALTH CARE GROUP,    )
                         )
        Defendants.     )

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO STAY**

    Plaintiff Dora Pelletier seeks a stay in the current proceeding while a parallel matter is pending in Missouri state court. She states the following in support thereof:

**Background**

    Plaintiff Dora Pelletier worked as a physician and assistant professor for Saint Louis University (SLU) and SLU*Care* Physician Group in the Department of Orthopedic Surgery until Defendants fired her because of her sex and in retaliation for her complaints about sex discrimination.

    Plaintiff dually filed her Charges of Discrimination with both the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). In December 2023, the MCHR determined that Defendants SLU and SSM Health Care Group are "owned or operated by a religious or sectarian group[1]," and as such, are "exempted from coverage by the Missouri Human Rights Act." The MCHR has refused, based on its interpretation of the Missouri statute, to issue to Plaintiff a Right to Sue on her MHRA claims.

---

[1] The MCHR used the word "group" in its determination even though the statute was amended to use the word "organizations" in 2017.

Plaintiff is challenging the MCHR's determination via a Writ of Mandamus that is pending in Missouri state court (Cause No. 2422-CC00025, Cole County Circuit Court). In her Amended Petition for Writ of Mandamus, Plaintiff asks the Missouri court to find that Defendants are subject to the MHRA or in the alternative that the religious employer exemption is unconstitutional under the Missouri Constitution, and to order the MCHR to issue to her Right to Sue against both Defendants. The state court's proceeding is nearing its end, with discovery closed and with the Motions for Summary Judgments fully briefed by mid-March 2025.

On September 13, 2024, before the state court made a decision on the Writ of Mandamus, the EEOC issued to Plaintiff a Right to Sue letter that would expire in ninety (90) days. On December 9, 2024, Plaintiff filed this lawsuit in Missouri state court, asserting claims of sex discrimination and retaliation under the Missouri Human Rights Act (MHRA) and Title VII of the Civil Rights Act, because (1) her Right to Sue letters issued by the EEOC was set to expire that week and (2) because the statute of limitations for her MHRA claim would expire in the first part of 2025. Plaintiff filed her federal claim while the Writ remained unresolved to preserve her claim under federal law in the unlikely event that the state court refuses to issue the Writ of Mandamus and thereby extinguishes her Missouri state law claim.

Defendants have subsequently removed her lawsuit based on federal question jurisdiction. Defendants then filed a Motion to Dismiss Plaintiff's MHRA claim on the basis that Plaintiff's has not yet obtained a Right to Sue letter from the MCHR. Of course, if Plaintiff prevails in her state court writ, the MCHR will issue her a Right to Sue, and the issue raised in Defendants' Motion to Dismiss will be moot.

**Argument**

2

Federal courts have discretion to stay proceedings when there is a concurrent state court case in order to promote "wise judicial administration." **Colorado River Water Conservation Dist. V. United States**, 424 U.S. 800, 817-18 (1976). Such stays conserve both state and federal judicial resources and prevent inconsistent results. **Beaton v. Rent-A-Ctr., Inc.**, 2018 WL 3159864, at *2 (E.D. Mo. June 4, 2018); **Day v. Union Mines**, 862 F.2d 652, 657 (7th Cir. 1988).

Here, there is a concurrent state court case already pending, with summary judgment briefing to be completed on March 10, 2025. Staying the present federal case promotes wise judicial administration for two primary reasons: (I) a stay will prevent inconsistent judicial rulings; and (II) a stay preserves federal judicial resources.

## I.    A Stay Will Prevent Inconsistent Judicial Rulings.

In 2017, Missouri amended the MHRA to exclude as covered employers "corporations and associations owned or operated by religious or sectarian organizations." Mo. Rev. Stat. § 213.010(8). The parties disagree over whether the exemption violates the Missouri Constitution in favoring employers operated by religious organizations. There likewise remains disagreement over whether civil law entities such as Defendants are employers entitled to claim the exemption or are, rather, subject to the MHRA's prohibitions against discrimination based on age, disability, race, sex, and the like.

The Supreme Court permits "a federal court . . . [to] stay proceedings before it, to enable the parties to litigate first in the state courts questions of state law . . . It is the court's duty to do so when a suit is pending in the state courts, where the state questions can be conveniently and authoritatively answered, at least where the parties to the federal court action are not strangers to the state action." **Meredith v. City of Winter Haven**, 320 U.S. 228, 235 (1943) (internal citations omitted).  Defendants have intervened in Plaintiff's Writ.  Further, Plaintiff makes arguments in

3

her State Writ case that have yet to be addressed by the Missouri Courts.  In addition, the resolution of Plaintiff's Writ will determine whether Defendants are covered by the MHRA and whether the MHRA's exemption is constitutional, and consequently whether Plaintiff has an MHRA claim and will be issued Rights to Sue. The issuance of Rights to Sue will resolve Defendants' Motions to Dismiss.  See also **City of Chicago v. Fieldcrest Dairies**, 316 U.S. 168, 172 (1942) ("it is a wise and permissible policy for the federal chancellor to stay his hand in absence of an authoritative and controlling determination by state tribunals").

If this Court does not stay the present proceedings, Plaintiff will oppose Defendants' Motion to Dismiss on grounds supported by the 8th Circuit—namely that "failure to obtain a right-to-sue letter prior to the commencement of a suit is a curable defect." **Jones v. Am. State Bank**, 857 F.2d 494, 499 (8th Cir. 1988).  Plaintiff has filed the state action to cure this defect and obtain her Rights to Sue.  Concurrent pursuit of this extinguishment of Plaintiff's claims threatens inconsistent judicial rulings that a stay would prevent.

**II.    A Stay Preserves Federal Judicial Resources.**

The resolution of Plaintiff's Writ of Mandamus will definitively decide the status of Plaintiff's MHRA claim. If the Missouri state court rules in Plaintiff's favor, Plaintiff plans to dismiss the Title VII claim, the basis for jurisdiction in this Court, and seek a remand so that she may proceed in state court on her state law claim against Defendants who are incorporated under Missouri law. If the state court resolves the Writ in Plaintiff's favor and Plaintiff dismisses her Title VII claim as planned, she will eliminate the basis for this Court's federal question jurisdiction.

If that happens, this Court would remand Plaintiff's case back to the Missouri state courts,[2] thus preserving judicial resources.

    "Dual proceedings could involve . . . a 'grand waste of efforts by both the court and parties in litigating the same issues regarding the same [matter] in two forums at once." **Day v. Union Mines Inc.**, 862 F.2d 652, 659 (7th Cir. 1988). Plaintiff anticipates Defendants will attempt to litigate her issues that are already before the Missouri state court. Those issues include whether Defendants are subject to the MHRA, whether the MHRA's religious employer exemption is constitutional under the Missouri Constitution, and whether Plaintiff's MHRA claim can properly proceed to this Court before the State proceeding is resolved. Such duplication will result in the "grand waste of efforts" anticipated by the court in **Day**. 862 F.2d at 657.

### CONCLUSION

    For the reasons stated above, Plaintiff requests this Court Stay the Federal Court proceeding, pending the outcome of the parallel state court writ action.


                            Respectfully submitted,

                            SEDEY HARPER WESTHOFF
                            Attorney for Plaintiff

                            */s/ Jessica M. Scales*
                            Jessica M. Scales, #64136
                            SEDEY HARPER WESTHOFF, P.C.
                            2711 Clifton Ave.
                            St. Louis, MO 63139
                            314/773-3566
                            314/773-3615 (fax)
                            jscales@sedeyharper.com

---

[2] See **Royal Canin U.S.A., Inc. v. Wullschleger**, 604 U.S. 22 (January 15, 2025), holding that a case removed on federal question grounds is properly remanded when the plaintiff amends her complaint to dismiss federal claims.

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, a true and accurate copy of the foregoing was filed electronically using the ECF system which sent notice of the filing to all entered parties.

Attorneys for Defendants
Attorneys for Defendant SLU*Care*
UB GREENSFELDER LLP
Amy L. Blaisdell, #51068
Katherine Fechte
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
T: 314.241.9090 / F: 314.241.8624
ablaisdell@ubglaw.com
kfechte@ubglaw.com

Attorneys for Defendant SLU
LEWIS RICE LLC
Neal F. Perryman, #43057
Jerina D. Phillips #65103
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
(314) 444-7661
(314) 612-7661 (facsimile)
nperryman@lewisrice.com
jphillips@lewisrice.com

*/s/ Jessica M. Scales*