IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DORA PELLETIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00025 |
| | ) | |
| SAINT LOUIS UNIVERISTY and | ) | |
| SSM HEALTH CARE GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss, [Doc. No's. 11 and 19] and Plaintiff's Motion to Stay, [Doc. No. 23]. Defendants move to dismiss Plaintiff's Count I-Violation of the Missouri Human Rights Act against Saint Louis University and Count III-Violation of the Missouri Human Rights against SSM Health Care Group. Plaintiff moves to stay ruling on the Motions to Dismiss until after the Missouri Court has resolved Plaintiff's Civil Action in Case Number 2422-CC00025. For the reasons set forth below, the Court will deny Plaintiff's Motion to Stay and grant Defendants' motions dismissing Plaintiff's Counts  I and III without prejudice.

Facts and Background

Plaintiff was employed by Saint Louis University and SSM Health Care Group, d/b/a/ *SLUCare* from September 2022 until her employment was terminated in June 2023. On August 31, 2023 Plaintiff filed a charge of discrimination against Defendants with the Missouri Commission on Human Rights, ("MCHR") and the Equal Employment Opportunity Commission, ("EEOC") for alleged employment discrimination based on Plaintiff's sex and in retaliation for complaining about the discrimination.

On December 6 and December 20, 2023, the MCHR issued Notices of Termination of Proceedings finding Defendants were not covered by the Missouri Human Rights Act, ("MHRA"), because they are owned and operated by a religious or sectarian organization.

Plaintiff filed a civil suit in St. Louis City Circuit Court on January 4, 2024 seeking a Writ of Mandamus, Cause Number 24AC-CC04307. The matter has been transferred to Cole County Circuit Court. Plaintiff filed an Amended Petition for Writ of Mandamus in which she asks the state court to find Defendants are employers covered by the MHRA or determine that the religious exemption is unconstitutional, and to order the MCHR to issue Plaintiff Right to Sue on her charges against Defendants.

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rather than responding to the Motions, Plaintiff has moved for a

stay of the motions until she receives a decision on her Writ of Mandamus, which decision she claims should be rendered soon since the parties have submitted motions for summary judgment.

## Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The complaint must allege sufficient facts to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 at 235-236 (3d ed. 2004)). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, . 556 U.S. at 679. A plaintiff's allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc*., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting Iqbal, 556 U.S. at 678). The well-pled facts must establish more than a "mere possibility of misconduct." *Iqba*l, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc*., 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 591 (8th Cir. 2009)). But if a plaintiff fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. See *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Although courts must accept all well-pled factual allegations as true,

they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted).

## Discussion

Defendants seek dismissal of Plaintiff's Counts I and III under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Plaintiff is barred from raising a claim under the MHRA because Plaintiff has failed to attach a right to sue letter from the Missouri Counsel on Human Rights ("MCHR") to her Complaint.

Plaintiff does not dispute that she has not received a right to sue letter from the MCHR. She requests, however, that the Court stay this case until there has been a ruling in her mandamus case in the state court. In that action, Plaintiff asks the state court to find Defendants are subject to the MHRA or in the alternative declare the religious exemption to the Human Rights Act unconstitutional.

**Motion to Stay**

"'A district court has inherent power to stay its proceedings.'" *Cochren v. White Castle Sys. Inc.*, No. 4:24-CV-01129-JSD, 2024 WL 5165701, at *3 (E.D. Mo. Dec. 19, 2024)' *Stalnaker v. Johnson & Johnson*, No. 4:20-CV-00356 JAR, 2020 WL 1821006, at *1 (E.D. Mo. Apr. 10, 2020) (quoting *Simmons v. GlaxoSmithKline*, LLC, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted)). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing

interests' and maintaining 'an even balance.'" *Id.* (quoting *Bledsoe v. Janssen Pharm.*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006)). When "considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc*., No. 4:16CV00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted).

Although Plaintiff argues there are parallel cases pending in this Court and the Missouri Court, the cases are clearly not parallel. While Plaintiff does have a pending Missouri case, it involves separate issues. Plaintiff's mandamus action raises the issues of whether Defendants are exempt from the MHRA and whether the MHRA is unconstitutional. In this case, Plaintiff claims discrimination under both Title VII and the MHRA. The cases are clearly not parallel.

Plaintiff claims the state action is likely to be resolved within a short period of time since briefing on the motions for summary judgment is complete. As Defendants point out, this fact is not indicative of imminent resolution. The state court must render its decision on the summary judgment motions and a ruling thereon may be appealed, a fact that could extend the case for quite some time.

When considering the stay factors, the Court agrees with defendants that granting a stay would serve to prejudice both parties. "[A]n indefinite stay runs the risk of potential loss of evidence, especially as to the memories of witnesses in this

undoubtedly fact-intensive litigation…. Because an indefinite delay in discovery in this action could potentially harm the nonmoving parties, this factor weighs against an indefinite stay." *Carpenters Pension Fund of Illinois v. Neidorff*, No. 4:18 CV 113 CDP, 2019 WL 3037194, at *1 (E.D. Mo. July 11, 2019). This factor tips against issuance of a stay.

With respect to the interests of justice, proceeding in this matter will serve the interests of justice. The issues raised in Plaintiff's Complaint can proceed to resolution without delay. In the event the state court determines the Defendants are subject to the MHRA, the cause of action will remain viable. If the state court determines Defendants are exempt and the statute is constitutional, as is the current law, the parties will have had the opportunity to proceed in a timely manner on Plaintiff's Title VII claim. The discovery produced for the Title VII claim will be applicable if a MHRA claim is to proceed. No statute of limitations issues will arise by denying a stay. Balancing the factors and considering all the attendant circumstances in this case, the Court finds the interests of justice favor denying the stay.

**Motion to Dismiss Courts I and III-Missouri Human Rights Action**

Defendant moves to dismiss on the basis that Plaintiff has failed to obtain a right-to-sue letter from the MCHR. "To initiate a claim under the MHRA a party must timely file an administrative complaint with MCHR and either adjudicate the

7

claim through the MCHR or obtain a right-to-sue letter." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). "Only after a plaintiff receives a right-to-sue letter from the MCHR may he file an MHRA claim." *Busch v. AppleCare Serv. Co., Inc*., 2024 WL 2048861, at *4 (E.D. Mo. May 8, 2024) (citing *Hammond v. Mun. Corr. Inst*., 117 S.W.3d 130, 136 (Mo. Ct. App. 2003)); see also *Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir. 1998) ("[W]e believe that the Missouri courts would consider a right-to-sue letter as a condition precedent, although not a jurisdictional prerequisite, to bringing an action under the MHRA.").Thus, the Eighth Circuit has recognized that "Missouri law requires plaintiffs to exhaust their administrative remedies prior to brining MHRA claims." *Hanson v. Union Pac. R.R. Co*., 3 F.4th 1075, 1080 (8th Cir. 2021) (citing Mo. Rev. Stat. § 213.075.1); see also Mo. Rev. Stat. § 213.111.1 (setting forth exhaustion requirements, including the requirement that "[a]ny action brought in court under this section shall be filed within ninety days from the date of the [MCHR]'s" issuance of the right to sue letter). '"Only after a plaintiff receives a right-to-sue letter from the MCHR may he file an MHRA claim*.'" McDonald v. Missouri Dep't of Corr.*, No. 4:24-CV-00361-JAR, 2025 WL 707852, at *1–2 (E.D. Mo. Mar. 5, 2025).(citations omitted). Plaintiff does not dispute that her failure to obtain a right to sue letter from the MCHR means that she cannot maintain her claim under the

current state of the MHRA in Counts I and III. The Court agrees and will therefore dismiss Plaintiff's Counts I and III.

## Conclusion

Based upon the foregoing, Plaintiff's Motion to Stay, does not support the interests of justice and would have a prejudicial effect on Defendants. Defendants' motions to dismiss Counts I and III are well taken,

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay, [Doc. No. 23], is denied

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, [Doc. No's 11 and 19], are granted.

**IT IS FURTHER ORDERED** that Plaintiff's Counts I and III in her Complaint are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File the Joint Proposed Scheduling Order is denied as moot.

**IT IS FURTHER ORDERED** that the parties shall submit a Joint Proposed

Scheduling Order within 14 days from the date of this Opinion, Memorandum, and

Order.

Dated this 12th day of May, 2025.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE